UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
UNITED STATES OF AMERICA,

                v.

ALEXANDER FISHENKO, et al.,

              Defendants.
----------------------------------------------------X

12 CR 626 (SJ)

MEMORANDUM
AND ORDER

A P P E A R A N C E S

KELLY T. CURRIE
United States Attorney, EDNY
271 Cadman Plaza East
Brooklyn, New York 11201
By:    Daniel S. Silver
        Claire S. Kedeshian
        Hilary Jager
        Una A. Dean
*Attorneys for the United States*

LEVITT & KAIZER
40 Fulton Street
23rd Floor
New York, NY 10038
By:    Richard Ware Levitt
*Attorney for Defendant Alexander Fishenko*

STEVE ZISSOU & ASSOCIATES
42-40 Bell Blvd., Suite 302
Bayside, NY 11361
By:    Steve Zissou
*Attorney for Defendant Alexander Posobilov*

RICHARD B. LIND
488 Madison Avenue
19th Floor
New York, NY 10022

*Attorney for Defendant Shavkat Abdullaev*

WILSON SONSINI GOODRICH & ROSATI, PC
1301 Avenue of the Americas
40th Floor
New York, NY 10019
By: Morris Fodeman
*Attorneys for Anastasia Diatlova*

LAW OFFICES OF SARITA KEDIA
5 East 22nd Street
Suite 7B
New York, NY 10010
By: Sarita Kedia
*Attorney for Sevinj Taghiyeva*

**JOHNSON, Senior District Judge,**

  The facts and circumstances surrounding this action are laid out in detail in the Court's order of September 25, 2014, and familiarity therewith is assumed. (See Dkt. No. 256.) Briefly, Defendants are charged with being principals or agents of Arc Electronics, Inc., a Houston based outfit that, according to the superseding indictment, was used by Defendants to export controlled microelectronics to the Russian government in violation of the International Emergency Economic Powers Act, 50 U.S.C. §§ 1701-1707, and the Arms Export Control Act, 22 U.S.C. § 2778(c). Defendants are also charged with laundering the proceeds of the conspiracy, and Defendant Fishenko is additionally charged as acting as an unregistered agent of the Russian Federation.

On January 20, 2015, jury selection and trial was set for September 21, 2015. On May 28, 2015, the parties appeared before this Court and deadlines were set pursuant to the parties' agreement. Among other things, Defendants agreed to (1) notify the government by Monday August 24, 2015 if they sought to admit at trial any classified materials; and (2) identify those materials. (Dkt. No. 304.)

On August 21, 2015, the Friday before the disclosures were due, Defendants moved the Court to appoint "a firewalled AUSA not part of the trial team" to review their submissions. Defendants object to the attorneys of record being the ones to review the materials because they believe it will give the government a "strategic advantage" which would be "manifestly unfair to the defense." The government opposes.

## DISCUSSION

Because this case involves national security, the Classified Information Procedures Act ("CIPA") governs. Pub.L. No. 96–456, 94 Stat. 2025 (1980), *codified at* 18 U.S.C. app. 3. "CIPA establishes rules for the management of criminal cases involving classified information." In re Terrorist Bombings of U.S. Embassies in East Africa, 552 F.3d 93, 115 (2d Cir. 2008); United States v. Aref, 533 F.3d 72, 78 (2d Cir. 2008). Section 5 of CIPA is at issue here, and it provides, in part, as follows:

> If a defendant reasonably expects to disclose or to cause the disclosure of classified information in any manner in connection with any trial or pretrial

3

> proceeding involving the criminal prosecution of such defendant, the defendant shall, within the time specified by the court or, where no time is specified, within thirty days prior to trial, notify the attorney for the United States and the court in writing. Such notice shall include a brief description of the classified information.

18 U.S.C. app 3 § 5(a). "The constitutionality of the statute has been tested repeatedly and uniformly upheld." United States v. Hashmi, 621 F. Supp. 2d 76 (S.D.N.Y. 2008) (collecting cases).

This Court disagrees that by fulfilling CIPA section 5 (i.e., providing a "brief description" to the government of the classified information), Defendants are giving up their trial strategy. See United States v. Bin Laden, No. 98 CR 1023 (LBS), 2001 WL 66393, at *5 (S.D.N.Y. Jan. 25, 2001) ("CIPA does not require that a defendant reveal his or her trial strategy, but only mandates that the defendant identify whatever classified information he plans to use."); see also United States v. Wilson, 571 F. Supp. 1422 (S.D.N.Y. 1983) (rejecting argument that CIPA's section 5 requires a defendant "to produce his entire factual defense prior to trial"). Notably, Defendants do not challenge the constitutionality of CIPA's § 5, they merely argue that the statute doesn't expressly preclude the assignment of a firewalled AUSA because the statute doesn't define who the "attorney for the United States" shall be. However, the Court is not prepared to hold that just any attorney for the government will do. There are national security concerns and a three year case history with which the attorneys of record are most

4

familiar. Defendants have not set forth a compelling reason to involve other assistants.

As far as proximity to trial, the parties agreed on this timetable in May and Defendants waited until the last business day before the disclosures were due to object. Applications like this one spawn considerable mischief and will be regarded skeptically by this Court. Defendants' motion is denied.

Dated: August 28, 2015 _____/s_____
Brooklyn, New York          Sterling Johnson, Jr., U.S.D.J.